UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| KENNETH R. PIERCE, ) | |
| ) | |
| Debtor ) | |
| ) | CHAPTER 12 |
| KENNETH R. PIERCE, ) | |
| ) | CASE NO. 17-60154-EJC |
| Plaintiff ) | |
| ) | ADVERSARY CASE NO. 17-06005-EJC |
| v. ) | |
| ) | |
| CENLAR FSB, LAKEVIEW LOAN ) | |
| SERVICING, LLC, and BANK OF ) | |
| NEWINGTON, ) | |
| ) | |
| Defendants ) | |

## ANSWER OF BANK OF NEWINGTON TO THE
## CROSS-CLAIM FILED BY LAKEVIEW LOAN SERVICING, LLC

Now comes, **BANK OF NEWINGTON** ("BON"), a Defendant in the above-stated matter, and files its Answer to the Cross-Claim (Docket No. 45) (the "Lakeview Cross-Claim") filed by **LAKEVIEW LOAN SERVICING, LLC** ("Lakeview"), as follows:

### JURISDICTION AND VENUE

1.

BON admits the allegations contained in paragraph 1 of the Lakeview Cross-Claim.

2.

BON admits the allegations contained in paragraph 2 of the Lakeview Cross-Claim.

3.

BON admits the allegations contained in paragraph 3 of the Lakeview Cross-Claim.

## BACKGROUND

4.

BON admits the allegations contained in paragraph 4 of the Lakeview Cross-Claim.

5.

BON admits the allegations contained in paragraph 5 of the Lakeview Cross-Claim.

6.

BON admits the allegations contained in paragraph 6 of the Lakeview Cross-Claim.

7.

BON admits the allegations contained in paragraph 7 of the Lakeview Cross-Claim.

8.

BON admits the allegations contained in paragraph 8 of the Lakeview Cross-Claim.

9.

BON admits the allegations contained in paragraph 9 of the Lakeview Cross-Claim.

10.

BON admits the allegations contained in paragraph 10 of the Lakeview Cross-Claim.

11.

BON admits the allegations contained in paragraph 11 of the Lakeview Cross-Claim.

12.

BON admits the allegations contained in paragraph 12 of the Lakeview Cross-Claim, however, BON shows that the original loan amount was actually $1,031,000.00.

13.

BON admits the allegations contained in paragraph 13 of the Lakeview Cross-Claim.

14.

BON admits the allegations contained in paragraph 14 of the Lakeview Cross-Claim.

15.

BON is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Lakeview Cross-Claim.

16.

BON is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Lakeview Cross-Claim.

17.

BON is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Lakeview Cross-Claim.

18.

BON is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Lakeview Cross-Claim.

19.

BON admits that it agreed to subordinate the Second Farm Security Deed to Lakeview's prospective security deed on the Residential Property subject to certain terms and conditions, and that the Subordination Agreement was drafted by BON's attorney. BON denies the remaining allegations contained in paragraph 19 of the Lakeview Cross-Claim.

20.

BON admits that three conditions or contingencies were included in the Subordination Agreement and that all three of said contingencies had to be satisfied by June 30, 2016. BON denies the remaining allegations contained in paragraph 20 of the Lakeview Cross-Claim.

21.

BON admits that the Subordination Agreement required Lakeview to satisfy the First Residential Loan and that the Debtor execute a promissory note in favor of Lakeview for no more than $84,000.00. BON denies the remaining allegations contained in paragraph 21 of the Lakeview Cross-Claim.

22.

BON admits that the Subordination Agreement required that the First Residential Security Deed had to be cancelled of record by June 30, 2016. BON denies the remaining allegations contained in paragraph 22 of the Lakeview Cross-Claim.

23.

BON admits that the Subordination Agreement was signed by BON and Lakeview and that Debtor did not sign the Subordination Agreement. BON denies the remaining allegations contained in paragraph 23 of the Lakeview Cross-Claim, and specifically shows that page 4 of the Subordination Agreement is missing from Exhibit "H".

24.

BON is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Lakeview Cross-Claim.

25.

BON is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Lakeview Cross-Claim.

26.

BON is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Lakeview Cross-Claim.

27.

Paragraph 27 of the Lakeview Cross-Claim states a legal conclusion and does not contain any factual allegations. To the extent that an answer is required, BON denies the allegations contained in paragraph 27 of the Lakeview Cross-Claim.

28.

BON admits the allegations contained in paragraph 28 of the Lakeview Cross-Claim.

29.

BON admits the allegations contained in paragraph 29 of the Lakeview Cross-Claim.

30.

BON is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Lakeview Cross-Claim.

31.

BON is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Lakeview Cross-Claim.

32.

BON admits the allegations contained in paragraph 32 of the Lakeview Cross-Claim.

33.

BON admits the allegations contained in paragraph 33 of the Lakeview Cross-Claim.

**COUNT I - DECLARATORY JUDGMENT**

34.

BON incorporates by reference its responses in Paragraphs 1 through 33 of this Answer as if fully set forth herein.

35.

Paragraph 35 of the Lakeview Cross-Claim states a legal conclusion and does not contain any factual allegations. To the extent that an answer is required, BON is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Lakeview Cross-Claim.

36.

BON admits the allegations contained in paragraph 36 of the Lakeview Cross-Claim.

37.

BON admits that it contends that the Subordination Agreement is null and void according to its terms because Lakeview failed to satisfy all of the contingencies set forth in paragraph 4 of the Subordination Agreement by the agreed deadline of June 30, 2016. BON denies the remaining allegations contained in paragraph 37 of the Lakeview Cross-Claim.

38.

BON denies the allegations contained in paragraph 38 of the Lakeview Cross-Claim.

39.

BON denies the allegations contained in paragraph 39 of the Lakeview Cross-Claim.

**COUNT II (IN THE ALTERNATIVE) -
<u>REFORMATION OF SUBORDINATION AGREEMENT</u>**

40.

BON incorporates by reference its responses in Paragraphs 1 through 39 of this Answer as if fully set forth herein.

41.

BON admits that it agreed to subordinate the Second Farm Security Deed to the Residential Refinance Security Deed on the terms and conditions set forth in the Subordination Agreement.

BON denies the remaining allegations contained in paragraph 41 of the Lakeview Cross-Claim.

42.

BON admits that the parties intended that Lakeview would obtain a first-in-priority security position in the Residential Property upon compliance with the terms and conditions set forth in the Subordination Agreement. BON denies the remaining allegations contained in paragraph 42 of the Lakeview Cross-Claim.

43.

BON denies the allegations contained in paragraph 43 of the Lakeview Cross-Claim.

44.

BON denies the allegations contained in paragraph 44 of the Lakeview Cross-Claim.

45.

BON denies the allegations contained in paragraph 45 of the Lakeview Cross-Claim.

## COUNT III - EQUITABLE SUBROGATION

46.

BON incorporates by reference its responses in Paragraphs 1 through 45 of this Answer as if fully set forth herein.

47.

BON is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Lakeview Cross-Claim.

48.

BON is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Lakeview Cross-Claim.

49.

BON admits that it knew Lakeview intended to obtain a first-in-priority security interest in the Residential Real Property by complying with the terms and conditions set forth in the Subordination Agreement. BON denies the remaining allegations contained in paragraph 49 of the Lakeview Cross-Claim.

50.

BON is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Lakeview Cross-Claim.

51.

BON denies the allegations contained in paragraph 51 of the Lakeview Cross-Claim.

52.

Paragraph 52 of the Lakeview Cross-Claim states a legal conclusion and does not contain any factual allegations. To the extent that an answer is required, BON denies the allegations contained in paragraph 52 of the Lakeview Cross-Claim.

53.

BON denies the allegations contained in paragraph 53 of the Lakeview Cross-Claim.

**COUNT IV - MARSHALING OF ASSETS (AS TO BON)**

54.

BON incorporates by reference its responses in Paragraphs 1 through 53 of this Answer as if fully set forth herein.

55.

Paragraph 55 of the Lakeview Cross-Claim states a legal conclusion and does not contain any factual allegations. To the extent that an answer is required, BON is without knowledge or

information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Lakeview Cross-Claim.

56.

BON admits the allegations contained in paragraph 56 of the Lakeview Cross-Claim.

57.

BON is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Lakeview Cross-Claim.

58.

BON is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Lakeview Cross-Claim.

59.

BON is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Lakeview Cross-Claim.

60.

BON is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Lakeview Cross-Claim.

61.

BON is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Lakeview Cross-Claim.

62.

Paragraph 62 of the Lakeview Cross-Claim states a legal conclusion and does not contain any factual allegations. To the extent that an answer is required, BON denies the allegations contained in paragraph 62 of the Lakeview Cross-Claim.

63.

Paragraph 63 of the Lakeview Cross-Claim states a legal conclusion and does not contain any factual allegations. To the extent that an answer is required, BON denies the allegations contained in paragraph 63 of the Lakeview Cross-Claim.

64.

BON denies each and every other allegation in the Lakeview Cross-Claim not herein admitted, controverted or specifically denied.

WHEREFORE, Defendant **BANK OF NEWINGTON** having fully answered the Lakeview Cross-Claim prays that:

(a) the Court deny the relief requested in the Cross-Claim; and

(b) it have such other and further relief as the Court may deem equitable and just.

This 13th day of February, 2018.

R. KENNY STONE, P.C.

By:_____
R. KENNY STONE
Attorney for Defendant
Bank of Newington

P. O. Box 681
Statesboro, GA 30459
912/764-3232
State Bar No. 684625
kenny@rkennystonelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served Mr. Kenneth R. Pierce, 3129 Bay Branch Road, Sylvania, Georgia 30467 with a copy of the within and foregoing Answer by the Bank of Newington to the Cross-Claim filed by Lakeview Loan Servicing, LLC by depositing the same in the United States Mail in a properly addressed envelope with first class postage thereon. The undersigned further certifies that the following parties appear on the electronic mail notice list maintained in the above case by the Clerk of the United States Bankruptcy Court for the Southern District of Georgia, and the following parties were served with a copy of the within and foregoing Answer by electronic notice from the Clerk, to-wit:

      Kimberly S. Ward, Attorney for Plaintiff;
      Monica K. Gilroy, Attorney for Cenlar FSB and Lakeview Loan Servicing, LLC;
      Kelsea L. S. Laun, Attorney for Cenlar FSB and Lakeview Loan Servicing, LLC;
      Austin E. James, Attorney for Cenlar FSB and Lakeview Loan Servicing, LLC;
      James C. Overstreet, Chapter 12 Trustee; and
      Office of the United States Trustee.

This 13th day of February, 2018.

R. KENNY STONE